LUCIUS J. M. MALMIN, for plaintiffs in error.

D. P. TRUDE and M. MARSO, for defendant in error.

MR. PRESIDING JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

CHATTEL MORTGAGES, § 55*—*when acknowledgment by attorney in fact insufficient.* Under section 2 of the Chattel Mortgage Act (J. & A. ¶ 7577), the acknowledgment by an attorney in fact under a power of attorney of a chattel mortgage executed for a corporation by its treasurer is invalid as against third persons.

---

## The Harmony Company, Appellee, v. The Sanitary Drinking Cup Company, Appellant.

### Gen. No. 21,269.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed May 12, 1916. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Action by The Harmony Company, a corporation, plaintiff, against The Sanitary Drinking Cup Company, a corporation, defendant, to recover damages for the alleged breach of a certain contract entered into between the parties, plaintiff claiming as its measure of damages the contract price of certain vending machines alleged to have been manufactured by plaintiff at the special instance and request of the defendant under the contract. The court found the issues for the plaintiff, and having entered judgment thereon for $3,000 and costs, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The Harmony Co. v. The Sanitary D. C. Co., 199 Ill. App. 414.

LOUIS BRANDES, for appellant.

ERNEST SAUNDERS, for appellee.

MR. PRESIDING JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. CORPORATIONS, § 363*—*when execution of contract of corporation sufficient.* While the facts that the contract of a corporation was not signed by an officer ordinarily empowered to enter into contracts and that it did not bear the corporate seal may be circumstances in determining whether or not it was a contract of the corporation, such facts are not controlling.

2. CORPORATIONS, § 516*—*when evidence sufficient to show contract that of corporation.* In an action against a corporation to recover for the alleged breach of a contract, evidence examined and *held* sufficient to show the contract to be binding on the corporation.

3. CONTRACT, § 387*—*when evidence sufficient to show breach.* In an action to recover for an alleged breach of contract, evidence examined and *held* sufficient to show a breach of the contract by defendant.

4. DAMAGES, § 57*—*what proper basis of recovery in action for breach.* In an action to recover for the alleged breach of a contract for the sale of goods, evidence examined and *held* to show that plaintiff had treated the goods as defendant's property and held them subject to defendant's order and was entitled to recover upon the contract for the whole contract price, and that defendant was entitled to an allowance for such of the goods as were uncompleted.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.